IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>        Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF DEFENSE,<br>1400 Defense Pentagon<br>Washington, DC 20301-1400,<br><br>        Defendant. | Civil Action No.: |

## COMPLAINT

Plaintiff, Judicial Watch, Inc., brings this action against Defendant, U.S. Department of Defense, to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly serves FOIA requests on federal agencies, analyzes the responses it receives, and

disseminates its findings and any records to the American public to inform them about "what their government is up to."

4. Defendant, U.S. Department of Defense ("Defendant"), is an agency of the United States government headquartered at 1400 Defense Pentagon, Washington, DC 20301-1400. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On October 18, 2023, Plaintiff submitted a FOIA request to Defendant seeking access to the following public records:

> Records and communications of Kathy Chung, Deputy Director of Protocol, Office of the Secretary of Defense, including emails, email chains, email attachments, text messages, voice recordings, correspondence, letters, logs, calendar entries, calendar meetings, memoranda, reports, regarding;
>
> (1) Communications with Dana Remus, email address: dremus@cov.com , Covington & Burling, LLP, Washington, DC, concerning the Penn Biden Center, Washington, DC, or any classified documents or materials at the Penn Biden Center.
>
> (2) Communications with any person using the email domain @who.eop.gov regarding classified documents, documents, or materials at the Penn Biden Center.
>
> (3) Communications with any employee using the email domain @dod.mil regarding classified documents, documents, or materials at the Penn Biden Center.

The timeframe for the request was identified as "March 1, 2022, to present."

6. By letter dated November 1, 2023, Defendant acknowledged receiving Plaintiff's request on October 19, 2023, and advised Plaintiff that the request had been assigned FOIA case number 24-F-0094. Defendant's letter invoked FOIA's 10-day extension of time provision, citing "unusual circumstances."

7.⠀⠀⠀⠀⠀As of the date of this Complaint, DOD has failed to: (i) produce the requested records or demonstrate that the records are lawfully exempt from disclosure; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

8.⠀⠀⠀⠀⠀Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.⠀⠀⠀⠀⠀Defendant is in violation of FOIA.

10.⠀⠀⠀⠀Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11.⠀⠀⠀⠀Plaintiff has no adequate remedy at law.

12.⠀⠀⠀⠀To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by December 1, 2023 at the latest. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably

- 4 -

incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  December 28, 2023                                         Respectfully submitted,

*/s/ Patrick O. Francescon*
PATRICK O. FRANCESCON
DC Bar No. 1781161
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5172
Email: pfrancescon@judicialwatch.org

*Counsel for Plaintiff*