UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE,<br><br>*Defendant*. | Civil Action No. 23-3836 (LLA) |

# ANSWER

Defendant, U.S. Department of Defense ("Department"), by and through undersigned counsel, hereby answers Plaintiff Judicial Watch, Inc.'s Complaint, ECF No. 1, filed against Defendant in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action.

# RESPONSES

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other action.

Defendant responds to Plaintiff's Complaint in like number paragraphs as follows:

## **COMPLAINT**[1]

The introductory, unnumbered paragraph contains Plaintiff's characterization of the nature of its action or claims, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring this action under the FOIA seeking to compel the release of records responsive to a particular request for information that Plaintiff submitted to Defendant. Defendant denies any remaining allegations in this paragraph.

## JURISDICTION AND VENUE

1. Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction subject to the terms and limits of the FOIA.

2. Paragraph 2 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this District under the FOIA.

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Defendant admits that it is an agency within the meaning of the FOIA and headquartered at 1400 Defense Pentagon, Washington, D.C., 20301-4100. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Defendant denies and further avers that it has completed a search to gather all records responsive to Plaintiff's request and does not have any responsive records.

---

[1] For ease of reference, Defendant's Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

STATEMENT OF FACTS

5. Defendant admits that it received a FOIA request from Plaintiff dated October 18, 2023. The remaining allegations in this paragraph contain Plaintiff's characterization of that FOIA request. Defendant respectfully refers the Court to Plaintiff's FOIA request, which is the best evidence of its contents, and denies any allegations in this paragraph inconsistent therewith.

6. Defendant admits that it sent Plaintiff a letter dated November 1, 2023. The remaining allegations in this paragraph contain Plaintiff's characterization of that November 1, 2023 letter, to which no response is required. Defendant respectfully refers the Court to Defendant's November 1, 2023 letter, which is the best evidence of its contents, and denies any allegations in this paragraph inconsistent therewith.

7. Defendant admits and avers that, as of the date of the Complaint, Defendant had not made a final determination regarding Plaintiff's FOIA request. Defendant further avers that it has now completed a search to gather all records responsive to Plaintiff's request and does not have any responsive records.

COUNT 1
(Violation of FOIA, 5 U.S.C. § 552)

8. Defendant realleges its responses to Paragraphs 1 through 7 as if fully stated herein.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

10. Paragraph 10 contains Plaintiff's characterization of itself and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the relevant statutes under the FOIA related to administrative exhaustion requirements and denies any allegations in this paragraph that are inconsistent therewith.

The remaining paragraph in the Complaint, beginning with "WHEREFORE" and containing enumerated requests for relief (1)-(5), contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in this paragraph and all its component parts and denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## **DEFENSES**

In further response to the Complaint, Defendant raises the following defenses. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation:

1. The Court lacks subject matter jurisdiction to the extent that Plaintiff's request for relief exceeds the relief authorized under the FOIA. *See* 5 U.S.C. § 552.

2. Plaintiff is not entitled to attorneys' fees and costs.

3. Plaintiff is not entitled to compel the release of information protected from disclosure by one or more of the exemptions or exclusions to the FOIA, 5 U.S.C. § 552(b), where disclosure would cause foreseeable harm.

4. Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

5. Relief afforded, if any, is limited to that provided for in 5 U.S.C. § 552(a)(4)(B).

Dated: February 2, 2024
     Washington, D.C.　　　　　　　　　Respectfully submitted,

                                      MATTHEW M. GRAVES, D.C. Bar No. 481052
                                      United States Attorney

                                      BRIAN P. HUDAK
                                      Chief, Civil Division

                         By:     */s/ Anna D. Walker*
                                      ANNA D. WALKER
                                      Assistant United States Attorney
                                      U.S. Attorney's Office, Civil Division
                                      601 D Street, N.W.
                                      Washington, D.C. 20530
                                      Tel: (202) 252-2544
                                      Anna.walker@usdoj.gov

                                      *Attorneys for the United States*